**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

| UNITED STATES OF AMERICA | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 14-184 |
| DONALD SAMPSON | SECTION "B"(2) |

**ORDER**

Before the Court is petitioner Donald Sampson's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Rec. Doc. 206), the Government's response (Rec. Doc. 213), and petitioner's reply (Rec. Doc. 216). For the reasons discussed below,

**IT IS ORDERED** that the motion for § 2255 relief is **DENIED**.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On August 21, 2014 petitioner was indicted by a federal grand jury on one count of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. Rec. Doc. 1. On September 18, 2014, the office of the Federal Public Defender was appointed as counsel for petitioner, and petitioner was arraigned on September 22, 2014, represented by assistant Federal Public Defender George Chaney, Jr. Rec. Docs. 14, 16. On January 27, 2016, assistant Federal Public Defender Samuel Scillitani, Jr. was substituted as petitioner's counsel. Rec. Doc. 97. After holding a telephone conference on April 11, 2016 regarding petitioner's pending motion to substitute counsel, and discussing

1

the time needed by new counsel to prepare for trial, the Court granted petitioner's motion to substitute assistant Federal Public Defender Jerrod Thompson-Hicks as counsel for petitioner and continued the trial date. Rec. Doc. 102. On June 15, 2016, petitioner pled guilty to a Second Superseding Indictment, represented by Federal Public Defender Jerrod Thompson-Hicks, and sentencing was scheduled for October 5, 2016. Rec. Doc. 112. On September 20, 2016, assistant Federal Public Defender Thompson-Hicks filed a motion to continue the sentencing hearing, requesting additional time to investigate "defendant's prior history and other guideline matters" that were "likely [to] have an impact on the federal sentencing guidelines." Rec. Doc. 132 at 1. The Court granted the continuance and reset sentencing for November 2, 2016. Rec. Doc. 135.

Subsequently, petitioner withdrew assistant Federal Public Defender Thompson-Hicks as counsel of record and enrolled retained counsel Jason Williams, Nicole Burdett, and Gregory Sauzer. Rec. Docs. 142, 144. Petitioner's newly retained counsel requested a second continuance of sentencing in order to review "the defendant's prior history and other guideline matters" which would "likely have an impact on the federal sentencing guidelines." Rec. Doc. 141 at 1. The Court granted the second request for a continuance and reset sentencing for December 21, 2016. Rec. Doc.

145. On December 21, 2016, petitioner was sentenced to 135 months of imprisonment. Rec. Doc. 162.

Petitioner filed a timely notice of appeal on January 2, 2017, in which he argued that the Court erred by assessing him criminal-history points for: (1) four prior state misdemeanor convictions, which he alleged predated his involvement in the instant drug-trafficking conspiracy by more than ten years, and (2) a state aggravated assault conviction, which he alleged was similar to the excluded offense of disorderly conduct. Rec. Doc. 159, 198-1 at 2. After the filing of petitioner's notice of appeal, retained counsel withdrew from representing plaintiff. Rec. Docs. 161, 167.

On April 25, 2018 the U. S. Court of Appeals for the Fifth Circuit affirmed the sentence imposed by this District Court, finding that Sampson failed to show any error with respect to the inclusion of his four state misdemeanor convictions in the guideline calculation, or plain error with respect to the inclusion of his aggravated-assault conviction in the criminal-history computation. Rec. Doc. 198-1 at 2-3.

On March 14, 2019, petitioner filed the instant motion for post-conviction relief under 28 U.S.C. 2255. Rec. Doc. 206.

## LAW AND FINDINGS

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct his sentence when: (1) the sentence violated federal law or the United States

Constitution, (2) the court lacked jurisdiction to impose the sentence, (3) the sentence exceeded the maximum allowed by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id.* § 2255(b). "Conclusory allegations, unsubstantiated by evidence, do not support the request for an evidentiary hearing." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). Instead, "[a] [petitioner] is entitled to an evidentiary hearing on his § 2255 motion only if he presents 'independent indicia of the likely merit of his allegations.'" *Id.* (quoting *United States v. Cavitt*, 550 F.3d 430, 442 (5th Cir. 2008). The Court "may entertain and determine [a §2255] motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255. Having considered the record, the motion, and the government's response, the Court finds that the record is adequate to address the petitioner's claims and to dispose of them as a matter of law. Accordingly, no evidentiary hearing is necessary. See *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("if on th[e] record we can conclude as a matter of law that [the petitioner] cannot establish one or both of the elements necessary to establish his constitutional claim, then an

4

evidentiary hearing is not necessary...."). *See United States v. Hankton*, 2018 WL 4144905, at *2 (E.D. La. Aug. 30, 2018), reconsideration denied, 2018 WL 5251754 (E.D. La. Oct. 22, 2018).

Section 2255 motions represent a collateral attack on the federal sentence, and relief is reserved only for constitutional violations or errors that have caused "a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996); *see also Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Generally, failing to raise a claim on direct appeal bars raising that claim on collateral review unless the petitioner can show cause and prejudice. *See United States v. Frady*, 456 U.S. 152, 166-68 (1982). However, claims of ineffective assistance of counsel may be brought in a collateral proceeding under Section 2255 regardless of whether the petitioner could have raised the claim on direct appeal. *Massaro v. United States*, 538 U.S. 500, 503-05 (2003).

To succeed on an ineffective assistance of counsel claim, the petitioner must demonstrate that: (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced him in some way. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Failure to prove either prong results in failure of the entire claim. *Id.* at 700.

Under the first prong, the petitioner must show that his attorney's representation fell below an objective standard of

reasonableness. *Id.* at 687-88. In reviewing an attorney's performance, there is a strong presumption that her conduct "falls within the wide range of reasonable professional assistance." *Id.* at 689. Reasonableness is measured against prevailing professional norms. *Id.* at 688. To demonstrate prejudice under the second prong, the petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A. Bill of Particulars

Petitioner alleges that his counsel was deficient for failing to file a motion requesting a bill of particulars. That claim is meritless because after discussing a motion for a bill of particulars, petitioner entered, under oath, a plea of guilty and expressly stated in open court that the factual basis document was true. Rec. Doc. 206-2 at 17 (September 29, 2015 letter to counsel requesting a bill of particulars); Rec. Doc. 206-2 at 21 (May 9, 2016 letter to counsel requesting a bill of particulars); Rec. Docs. 12 and 174 (Minute entry and transcript of rearraignment on June 15, 2016 where petitioner entered plea of guilty and confirmed veracity of factual basis).

The factual basis document names petitioner as a cocaine trafficker in Bogalusa, Louisiana who worked with co-defendant

Christopher Taylor and employed co-defendant Allen as a drug courier, identifies the date on which Allen was apprehended with drugs in her car, identifies the date on which petitioner was apprehended with money containing drug residue, identifies the years during which petitioner conducted his drug operations from Houston and Bogalusa, Louisiana, and details the surveillance conducted on petitioner. Rec. Doc. 115. Petitioner also agreed in the factual basis that his conduct, including the reasonably foreseeable conduct of his co-defendants, involved 15 to 50 kilograms of cocaine. Id. While under oath at his rearraignment, petitioner was asked by the Court whether he understood the nature of the charges against him, and he stated that he did. Rec. Doc. 174 at 9. Petitioner informed the Court that he had read and reviewed the factual basis and consent decree for forfeiture and signed the documents. Id. at 18. Petitioner also stated that he understood everything in the documents that he had signed and that everything contained in the documents was true and correct. Id. at 19-20. The Court asked if petitioner had been promised or guaranteed anything that influenced his decision to plead guilty and he stated that he had not. Id. Petitioner was asked multiple times whether he was satisfied with his counsel's representations or whether counsel had promised him anything during sentencing, and he assured the Court that he had not been promised anything by counsel and was voluntarily pleading guilty.

Id. at 21-23. Petitioner's sworn testimony in open court, proves he was aware of the nature of the charges against him, making a bill of particulars unnecessary, and that he voluntarily plead guilty to everything contained in the indictment and factual basis. Therefore, because there is no basis for finding that the non-filing of a bill of particulars was deficient or that petitioner was prejudiced in any way, petitioner's ineffective assistance of counsel claims on this issue fail.

B. <u>Prior Convictions Included in Presentence Report</u>

Petitioner's three remaining ineffective assistance of counsel claims pertain to prior convictions included in the criminal history calculation. The claims are unfounded.

First, petitioner's assertion that counsel was deficient in failing to provide documentation of an expunged prior conviction is unavailing, because the conviction was expunged upon petitioner's completion of a probationary period rather than due to innocence or an error of law. Rec. Doc. 206-2 at 2-3. During sentencing, the Court overruled petitioner's objection, specifically noting that state law permitted certain convictions to be "expunged" upon the completion of a probationary period, but that such a conviction could still be used for other purposes. Rec. Doc. 189 at 8-9.

The Fifth Circuit has previously noted that the "Commentary to § 4A1.2(j) explains that convictions which are set aside for reasons unrelated to innocence or errors of law, e.g., in order to restore civil rights or to remove the stigma associated with a criminal conviction[,] are not expunged for purposes of this Guideline and can be included in Criminal History Category determinations." *United States v. Ashburn*, 20 F.3d 1336, 1343 (5th Cir. 1994) (internal quotations omitted), opinion reinstated in part on reh'g, 38 F.3d 803 (5th Cir. 1994). Petitioner's motion for expungement identifies as the basis of his request the successful completion of the terms of his probation, and not innocence or errors of law. Rec. Doc. 206-2 at 2.

Under Fifth Circuit precedent, the prior conviction for illegal use of weapons was properly included in petitioner's criminal history calculation and evidence of the expungement would not have altered petitioner's sentence. Therefore, there was no prejudice in counsel's alleged failure to provide such documentation to the Court. Petitioner's claims here are groundless.

Second, petitioner's assertion that a dismissed prior conviction for misdemeanor aggravated assault should not have been included in his criminal history calculation also fails because the conviction was not dismissed, but rather petitioner pled guilty and court costs were imposed. The Bogalusa City Court Courtroom

9

Minutes show that petitioner withdrew his former plea of not guilty and entered a plea of guilty to the aggravated assault charge, which resulted in a sentence to pay costs only in the amount of $77.00. Rec. Doc. 206-2 at 7. Thus, the Court properly included this prior conviction in petitioner's criminal history calculation and counsel did not act deficiently in not objecting to its inclusion. In his reply, petitioner mistakenly cites to a portion of the Sentencing Guidelines that excludes limited misdemeanor offenses from criminal history calculation if the sentence was a term of probation of less than a year or a term of imprisonment of less than thirty days. Rec. Doc. 216 at 12.

However, the exception to the Guidelines' general rule that "[s]entences for misdemeanor and petty offenses are counted" applies only to the list of prior offenses identified in that section, and offenses similar to them.[1] Petitioner's prior

---

[1] "(c) **Sentences Counted and Excluded**
    Sentences for all felony offenses are counted. Sentences for misdemeanor and petty offenses are counted, except as follows:
        (1) Sentences for the following prior offenses and offenses similar to them, by whatever name they are known, are counted only if
        (A) the sentence was a term of probation of more than one year or a term of imprisonment of at least thirty days, or (B) the prior offense was similar to an instant offense:
                Careless or reckless driving
                Contempt of court
                Disorderly conduct or disturbing the peace
                Driving without a license or with a revoked or suspended license
                False information to a police officer
                Gambling
                Hindering or failure to obey a police officer
                Insufficient funds check
                Leaving the scene of an accident
                Non-support

conviction for aggravated assault does not fall within this category of offenses, and therefore was properly included in the criminal history calculation. Petitioner's ineffective assistance of counsel claim is denied.

Third, petitioner provides no support for his allegation that counsel was deficient in conducting an "11th hour review" of the Presentence Report and that this resulted in an increase in his criminal history category. The record demonstrates that contrary to petitioner's allegation, counsel took time to review the Presentence Report and filed appropriate responses on behalf of petitioner. Counsel requested, and was granted, a continuance of the sentencing date upon enrollment. Rec. Docs. 141, 145. Counsel also submitted seven objections to the Presentence Report, all of which were considered and rejected by the Court. Rec. Doc. 147 at 27-31. Unfavorable rulings are not evidence of ineffective assistance of counsel. Additionally, counsel timely submitted a seven (7) page motion for downward departure and/or variance detailing petitioner's personal history, case law supporting a departure or variance, and the impact a sentence could have on petitioner's family. Rec. Docs. 151-1, 154. Therefore, there is nothing in the record to support petitioner's claim that

---

                      Prostitution
                      Resisting arrest
                      Trespassing."
U.S.S.G. § 4A1.2

counsel was deficient in reviewing the Presentence Report or that petitioner was prejudiced by counsel's representation.

The instant ineffective assistance of counsel claims are denied, along with the request for an evidentiary hearing. The claims are frivolous, bearing no factual or legal support, and totally in contradiction to petitioner's own recorded statements. His self-serving conclusory remarks are meritless.

New Orleans, Louisiana this 25th day of July, 2019

_____
SENIOR UNITED STATES DISTRICT JUDGE